THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JUDY MURPHY, ALVIN L. VAUGHN, DONNY L. DAVIS, LAKESHIA SANDERS, JERED HALL, LARRY HOUCHENS, and SHERRIKA CLARK individually, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.:_____ |
| v. | ) ) | |
| MLB TRANSPORTATION, INC., a Georgia Corporation, MLB TOURS INC., a Georgia Corporation, MICHAEL L. BAKER, VIRGINIA H. BAKER, and LEON GRESHAM, individually, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Plaintiffs JUDY MURPHY, ALVIN L. VAUGHN ("Plaintiff Vaughn"), DONNY L. DAVIS, LAKESHIA SANDERS, JERED HALL, LARRY HOUCHENS, and SHERRIKA CLARK, individually (altogether "Plaintiffs"), and on behalf of all others similarly situated, by and through their undersigned counsel, and file this their Complaint against Defendants MLB

1

TRANSPORTATION, INC., a Georgia Corporation, MLB TOURS INC., a Georgia Corporation, MICHAEL L. BAKER ("Defendant Michael Baker"), VIRGINIA H. BAKER ("Defendant Virginia Baker"), and LEON GRESHAM ("Defendant Gresham"), individually (collectively referred to as "Defendants"), and show this Court the following:

## **INTRODUCTION**
1.

Plaintiffs bring this action on behalf of themselves and those similarly situated current and former employees of the Defendants who elect to opt-in to this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.A § 201 *et. seq.* (hereinafter the "FLSA"), and specifically, the collective action provision of 29 U.S.C.A. § 216(b), to: (1) recover the overtime pay wrongfully denied to Plaintiffs and an additional amount as liquidated damages; (2) recover punitive damages for the torts of fraud and conversion willfully perpetrated by Defendants; (3) recover all insurance premiums wrongfully collected by Defendants; (4) remedy violations of the anti-retaliation provisions of the FLSA pursuant to 29 U.S.C.A. § 215, including liability for reinstatement, promotion, back-pay, and wages lost; and (3) to recover Plaintiffs' costs of litigation, including their reasonable attorneys' fees.

2

## JURISDICTION

2.

Pursuant to 28 U.S.C.A. § 1331, this Court has jurisdiction over Plaintiffs' Complaint (hereinafter "Complaint") for unpaid overtime wages based upon the fact that the issues herein constitute federal questions.

3.

(a)    Defendants MLB Transportation Inc., and MLB Tours Inc., are employers, as defined in the FLSA, and as such are subject to the jurisdiction of this Court.

(b)    Upon information and belief, Defendants Michael Baker, Virginia Baker, and Gresham are the owners of the subject employers and are therefore liable for violations of the FLSA. Said Defendants are subject to the jurisdiction of the Court.

## VENUE

4.

Venue properly lies in the Northern District of Georgia pursuant to 28 U.S.C.A. 1391(b)(2) because Defendants are located in this judicial district, and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES
### 5.

Plaintiffs and those similarly situated were employed at all times by Defendant MLB Transportation, Inc. as non-emergency van drivers and transporters of veterans to public medical facilities such as the Veterans Administration Medical Center on Clairmont Road in Decatur, Georgia, as well as other medical treatment facilities in Georgia and other states (hereinafter "VA facilities").

### 6.

At all times material hereto, Plaintiffs and those similarly situated have been "employee[s]" as defined by the FLSA § 3(e)(2)(c); 29 U.S.C.A. §203(e)(2)(c).

### 7.

At all times material hereto, Plaintiffs and those similarly situated have been employees covered by the FLSA and entitled to the overtime protections set forth in FLSA §§6 and 7(c); 29 U.S.C.A. §§ 206, 207 (c).

### 8.

Defendant MLB Transportation, Inc. is a domestic business corporation organized and existing under the laws of the State of Georgia.

9.

Defendant MLB Transportation, Inc.'s principal executive office is located at 1800 Montreal Court Suite B, Tucker, GA 30084.

10.

Defendant MLB Transportation, Inc. is a covered employer within the meaning of the FLSA and, at all times relevant hereto, employed Plaintiffs.

11.

Upon information and belief, and at all times relevant hereto, Defendant MLB Transportation, Inc.'s annual gross volume of business done was not less than Five Hundred Thousand ($500,000.00).

12.

The Registered Agent for Defendant MLB Transportation, Inc. is James Rambo who may be served at 1841 Montreal Road, Suite 200 Tucker, GA 30084. Defendant MLB Transportation, Inc.

13.

Defendant MLB Tours, Inc.'s principal executive office is located at 1800 Montreal Court Suite B, Tucker, GA 30084, and is the same as that of Defendant MLB Transportation, Inc.

5

14.

Defendant MLB Tours, Inc. is a covered employer within the meaning of the FLSA and, at all times relevant hereto, employed Plaintiffs, or was part of a joint enterprise.

15.

Upon information and belief, and at all times relevant hereto, Defendant MLB Tours, Inc.'s annual gross volume of business done was not less than $500,000.00 as part of a joint enterprise with MLB Transportation, Inc..

16.

Upon information and belief, Defendants Michael Baker, Virginia Baker, and Gresham ("Individual Defendants"), maintained control over, oversaw, and directed the operation of Defendant MLB Transportation, Inc., including its employment practices during the relevant period.

17.

The Individual Defendants are executing officers of MLB Transportation, Inc., as listed by the Secretary of State.

18.

Upon information and belief, Defendants Michael Baker and Virginia Baker are owners of MLB Transportation, Inc.

19.

Defendants Michael Baker and Virginia Baker are executing officers of MLB, Tours, Inc., as listed by the Secretary of State.

20.

Upon information and belief, Defendants Michael Baker and Virginia Baker are owners of MLB Tours, Inc.

21.

During all times relevant hereto, the Individual Defendants were "employers" as defined in the FLSA and employed or jointly employed Plaintiffs and others similarly situated.

22.

Upon information and belief, and throughout the relevant period, the individual Defendants have had the power to control the compensation practices at MLB Transportation Inc., to include without limitation the compliance with the FLSA.

7

23.

During all times relevant hereto, Defendants have been Plaintiffs' "employer[s]", as well as the "employer[s]" of those similarly situated, as defined by the FLSA § 3(d), 29 U.S.C.A. § 203(d).

24.

Upon information and belief, Defendants are part of a single, centrally controlled, integrated enterprise.

25.

Upon information and belief, Defendant's share a common management, which jointly employed Plaintiffs and similarly situated employees at times relevant hereto.

26.

Upon information and belief, Defendants' operations are interrelated and unified.

27.

All parties of record will be given the opportunity to file Waivers of Service pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND AND ALLEGATIONS

28.

As a condition of employment, Plaintiffs and other similar situated employees were, at all times relevant hereto, required by the Defendants to work over fifty (50) hours a week on a regular basis.

29.

(a)    During their employment, and at all times relevant hereto, Plaintiffs and others similarly situated were hourly employees whose rate of compensation was to be Ten Dollars and Seventy Cents ($10.70) per hour for all hours up to forty (40) hours per week.

(b)    Plaintiffs and others similarly situated were also paid for the first ten (10) hours over forty (40) hours per week at the rate of Sixteen Dollars and Five Cents ($16.05) per hour, as prescribed under the FLSA.

(c)    To the extent that Plaintiffs and others similarly situated exceeded fifty (50) total hours per week, Defendants failed and refused to compensate the Plaintiffs in accordance with the FLSA in any amount and advised all Plaintiffs that hours worked over fifty (50) in a given week would be treated as "comp time."

(d)     Defendants further arbitrarily deducted hours from Plaintiffs weekly time sheets in violation of the FLSA.

30.

Plaintiffs and others similarly situated were not exempt employees as defined by the FLSA and therefore are entitled to receive a rate equal to time and a half for hours worked in any week in excess of forty hours.

31.

Plaintiffs and others similarly situated have previously made demand upon the Defendants for payment of the overtime wages due.

32.

During the period of employment as to the Plaintiffs and all other similarly situated employees, Defendants violated the FLSA in the following ways:

(a)     For all hours worked in a given week over fifty (50), Defendants refused to pay Plaintiffs and others similarly situated for their earned overtime hours and instead created a category they call "comp time" in which Defendants held the overtime hours, or in the alternative, Defendants paid Plaintiffs and those similarly situated for their alleged "comp time," but at a lesser rate than which they were entitled, in violation of 29 U.S.C.A. § 207 and 29 C.F.R. § 778.106;

(b)     Defendants removed time off the timesheets for Plaintiffs and others similarly situated for the time they spent traveling to and from client pick-ups;

(c)     Defendants failed to pay Plaintiffs and others similarly situated for time spent waiting on their client's medical treatment, when: (i) such time was spent predominantly for Defendants' benefit; (ii) Plaintiffs were "engaged to wait" on their clients; and (iii) Plaintiffs could not use such time effectively for personal pursuits, especially while working out of state;

(d)     Defendants failed to pay all Plaintiffs or others similarly situated for their earned compensation time at the time of their wrongful termination, as required by and in violation of the MLB Transportation Employee Rulebook, p. 25;

(e)     Defendants failed to pay Plaintiffs and others similarly situated for their earned compensation time that was due to them by December 31, 2012 or thereafter, as stated in page 25 their rule book, and therefore in violation of 29 U.S.C.A. § 207 and 29 C.F.R. § 778.106;

(f)     Defendants allowed some of the Plaintiffs and other similarly situated employees to accrue more than 500 hours of overtime hours, in violation of 29 U.S.C.A. § 207 (o)(3)(a);

(g)     Defendants forced the Plaintiffs and others similarly situated to purchase corporate health insurance, with no choice of waiver, and then deducted the total of the premium out of all employee paychecks, in violation of Georgia Law, O.C.G.A. § 33-24-35;

(h)     Further, as to Plaintiff Vaughn, Defendants deducted double the actual amount required for health insurance premiums from Plaintiff Vaughn's paychecks, as based upon the rates quoted by the insurer;

(i)     Additionally, at least three of the Plaintiffs have had their insurance plans cancelled without notification, based upon non-payment of premiums by Defendants, in spite of the fact that the premiums were deducted from Plaintiffs' pay;

(j)     Defendants terminated the Plaintiffs upon the discovery that Plaintiffs were seeking to exercise their rights against Defendants, in violation  of the FLSA's anti-retaliation provision, 29 U.S.C.A. § 215.

## COUNT I – OVERTIME WAGE CLAIM VIOLATIONS UNDER
## 29 U.S.C.A. § 207 AND C.F.R. § 778.106.
### (By Defendants as to All Plaintiffs)

33.

The allegations contained in paragraphs 1 through 32 above are hereby incorporated by reference as if fully set forth herein.

34.

At all times relevant hereto, Defendants were Plaintiffs' employers as defined by the FLSA.

35.

At all times relevant hereto, Plaintiffs and others similar situated were employees of Defendants as defined by the FLSA.

36.

At all times relevant hereto, Defendants were subject to the overtime wage provisions of the FLSA.

37.

At all times relevant hereto, Plaintiffs and others similarly situated were not exempt from being entitled to at least wages of $16.05 per hour pursuant to the FLSA for overtime hours worked.

38.

(a)     Between approximately January 1, 2010, through the date of Plaintiffs'
terminations, Defendants repeatedly and willfully refused to pay Plaintiffs' wages
of at least $16.05 per hour for each overtime hour Plaintiffs worked in violation of
the FLSA.

(b)     Additionally, Defendants repeatedly and willfully required Plaintiffs
to record any hours worked in a given work week over fifty (50) hours as "comp
time," in lieu of payment for such overtime hours.

(c)     Further, Defendants repeatedly and willfully allowed Plaintiffs and
others similarly situated to accrue over double the FLSA's limit of two hundred
and forty (240) compensation hours, as set forth in 29 U.S.C.A. § 207.

39.

None of the exemptions provided by the FLSA relieved the Defendants from
their legal duty to pay mandated overtime wages for all hours worked over forty
(40) hours per week.

40.

Plaintiffs and others similarly situated are entitled to overtime compensation
for all hours worked in excess of forty (40) hours during a given work week.

41.

Defendants have failed to make a good faith effort to comply with the FLSA.

42.

Defendants' actions as stated above represent violations of the FLSA.

43.

As a result of Defendants' FLSA violations, Plaintiffs and others similarly situated have suffered damages for which they are entitled to compensation, to include without limitation: reinstatement, promotion, back-pay, and wages lost and liquidated damages.

## COUNT II – FRAUD
### (By Defendants as to All Plaintiffs)

44.

The allegations contained in paragraphs 1 through 43 above are hereby incorporated by reference as if fully set forth herein.

45.

Defendants willfully represented to the Plaintiffs and others similarly situated that purchasing Defendants' group health insurance was mandatory,

irrespective of the fact that Georgia law provides that such a decision must be entirely voluntary, which Defendants knew or should have known was false and misleading at the time.

46.

Defendants made such willful representations to the Plaintiffs and others similarly situated even if Plaintiffs had prior personal insurance coverage with the intent to deceive the Plaintiffs.

47.

Furthermore, Defendants forced Plaintiffs and those similarly situated to pay the entirety of their individual insurance premiums.

48.

Plaintiffs and those similarly situated reasonably relied on the false representations made by Defendants that purchasing Defendants' group health insurance was legally required and mandatory.

49.

Plaintiffs and others similarly situated relied to their detriment upon Defendants' willful misrepresentations as to the group insurance policy, since

Defendants deducted the full premium amount from each bi-weekly paycheck of Plaintiffs and others similarly situated.

50.

(a) Furthermore, some of the Plaintiffs have attempted to use the health insurance and were informed that Defendants had failed to pay the premiums in a timely manner, without notice to those Plaintiffs.

(b) Defendants' actions amount to wrongful appropriation and unauthorized use of Plaintiffs' pay, and thereby demonstrate reckless disregard for the welfare of the Plaintiffs.

51.

Defendants knew or should have known that they failed to pay health insurance premiums, in spite of the fact that the subject premiums had been deducted from Plaintiffs' pay.

52.

The above actions represent fraud and raise a presumption against Defendants of a conscious indifference to the consequences, for which Plaintiffs are entitled to recover all premiums paid, plus punitive damages to punish and

deter Defendants in the future, in an amount not less than Two Hundred and Fifty Thousand Dollars ($250,000.00).

## COUNT III – FRAUD AND CONVERSION
### (By Defendants as to Plaintiff Vaughn)

53.

The allegations contained in paragraphs 1 through 52 above are hereby incorporated by reference as if fully set forth herein.

54.

Specifically as to Plaintiff Vaughn, Defendants willfully and falsely represented that it was mandatory for him to purchase Defendants' group health insurance despite the fact that Plaintiff Vaughn made Defendants aware that he was covered under Medicare Insurance.

55.

Even more egregiously, Defendants fraudulently deducted Three Hundred and Two Dollars and Forty Six Cents ($302.46) from Plaintiff Vaughn's bi-weekly paychecks, representing double the actual amount required, based upon the rates quoted by the insurer.

56.

Furthermore, Plaintiff Vaughn at times has attempted to use his health insurance and was informed that Defendants had cancelled his health insurance or failed to pay the premiums in a timely manner, without notice to Plaintiff Vaughn.

57.

(a)     The above actions of Defendants amount to misappropriation and unauthorized use of funds held for a particular purpose.

(b)     Defendants' actions demonstrate a reckless disregard for Plaintiff Vaughn's welfare and represent both fraud and conversion, for which Plaintiff Vaughn is entitled to recover all premiums paid, plus punitive damages to punish and deter Defendants in the future, in an amount not less than Two Hundred and Fifty Thousand Dollars ($250,000.00).

## COUNT IV – FRAUD
### (By Defendants as to All Plaintiffs)

58.

The allegations contained in paragraphs 1 through 57 above are hereby incorporated by reference as if fully set forth herein.

59.

Plaintiffs and others similarly situated kept track on a daily basis all hours worked for Defendants, and were later required to report these hours to the Defendants for use in computation of their pay.

60.

(a)     Defendants received the recorded time sheets of the Plaintiffs and others similarly situated.

(b)     Defendants fraudulently altered the time sheets of Plaintiffs and others similarly situated by removing some of the hours worked, thereby denying Plaintiffs and others the right to compensation for work rendered.

61.

The above actions of Defendants demonstrate a reckless disregard for the welfare of Plaintiffs and those similarly situated, and further raises the presumption of a conscious indifference to consequences.

62.

As a result of Defendants' wrongful, fraudulent acts, Plaintiffs have suffered significant damages and are entitled to recover compensation for all hours

deducted, plus punitive damages in the amount of Five Thousand Dollars ($5,000.00) per offense.

## COUNT V– VIOLATION OF GEORGIA LAW UNDER O.C.G.A. § 33-24-35
### (By Defendants as to All Plaintiffs)

63.

The allegations contained in paragraphs 1 through 62 above are hereby incorporated by reference as if fully set forth herein.

64.

Plaintiffs are authorized to seek recovery for Defendants' violations of O.C.G.A. § 33-24-35 under the Court's supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367.

65.

Defendants required Plaintiffs and others similarly situated to purchase Defendants' group health insurance.

66.

Defendants neither gave nor allowed Plaintiffs and others similarly situated the opportunity to voluntarily withdraw from the program, in direct contradiction of Georgia Law (Ga. Code Ann. § 33-24-35).

67.

"Any insurer, or any officer or agent thereof, issuing or delivering to any person in this state any policy in violation of any provision of this title shall be guilty of a misdemeanor," O.C.G.A. § 33-1-7.

68.

As agents of the health insurance company, Defendants owed a private fiduciary duty to the Plaintiffs to inform them and allow them the option to waive out of the group health insurance, as required by Georgia statute.

69.

(a)     However, Defendants breached their above duty to Plaintiffs by violating the above statute via their fraudulent acts and omissions.

(b)     As a result of Defendants wrongful actions, Plaintiffs have suffered significant damages and are entitled to recover compensation for all insurance premiums that Defendants collected, plus punitive damages to punish and deter Defendants in the future, in an amount not less than Five Thousand Dollars ($5,000.00) per offense.

22

## COUNT VI – RETALIATORY CONDUCT
### (By Defendants as to All Plaintiffs)

70.

The allegations contained in paragraphs 1 through 69 above are hereby incorporated by reference as if fully set forth herein.

71.

Defendants were notified by an employee of Defendant MLB Transportation Inc. that Plaintiffs had attended a meeting with counsel to discuss their rights under the FLSA.

72.

Soon after Defendants become aware of Plaintiffs' meeting and discussion with counsel, Defendant Michael Baker mailed individual letters to each of the Plaintiffs, terminating their employment at Defendant MLB Transportation Inc., excluding Judy Murphy who had been previously terminated.

73.

(a)     The termination letters sent by Defendant Michael Baker failed to provide any reason for the Plaintiffs' terminations.

(b)    As such, all terminations were presumptively retaliatory in nature, in violation of the FLSA's anti-retaliation provision. 29 U.S.C.A. § 215.

(c)    Furthermore, because Defendants' violations of the FLSA are willful, a three-year statute of limitations applies, pursuant to 29 U.S.C.A. § 255.

74.

Defendants' shall therefore be liable to the Plaintiffs for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of the FLSA's anti-retaliation provision, including without limitation reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

(A)    That judgment be entered in their favor against Defendants;

(B)    That Plaintiffs be awarded all of their unpaid overtime wages at $16.05 per her hour pursuant to the FLSA;

(C)    That Plaintiffs be awarded liquidated damages in an amount equal to all of their unpaid minimum wages at $16.05 per hour pursuant to the FLSA, due

because of the Defendants' willful and repeated disregard for their obligations and Plaintiffs' rights under the FLSA;

(D)     That Plaintiffs be awarded punitive damages for the torts of Fraud and Conversion willfully perpetrated by Defendants, to be determined by the enlightened conscience of an impartial jury;

(E)     That Plaintiffs be reimbursed for all insurance premiums Defendants wrongfully collected;

(F)     That Plaintiffs be awarded for Defendants' violations of the antiretaliation provisions pursuant to 29 U.S.C.A. § 215, including liability for reinstatement, promotion, back-pay, and wages lost;

(G)     That Plaintiffs be awarded all of their attorney's fees, costs, and litigation expenses pursuant to the FLSA;

(H)     That Plaintiffs be awarded any and all further relief as the Court deems just and equitable.

Dated this _____ day of April, 2013.

JACOBS & KING, LLC

Cary S. King
Attorney for Plaintiffs
Georgia Bar No. 419810

1117 Perimeter Center West, Suite W-501
Atlanta, GA 30338
(404) 920-4497
(404) 920-8661 Fax
cary@jacobsking.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the document to which this certificate is attached has been prepared with one of the font and point selections approved by the Court in LR 5.1B (Times New Roman, 14 pt. font) for documents prepared by computer.

Respectfully submitted this ___15th___ day of April, 2013.

JACOBS & KING, LLC

Cary S. King
Attorney for Plaintiffs
Georgia Bar No. 419810

1117 Perimeter Center West
Suite W-501
Atlanta, GA 30338
(404) 920-4497
(404) 920-8661 Fax
cary@jacobsking.com

## VERIFICATION OF ALVIN L. VAUGHN

Personally appeared before the undersigned attesting officer, duly qualified to administer oaths, ALVIN L. VAUGHN who after being duly sworn, deposes and says that the facts set forth in the within and foregoing COMPLAINT are true and correct to the best of his knowledge and belief.

Signed this the 1st day of April, 2013.


_____
ALVIN L. VAUGHN


Sworn to and Subscribed before me
on this 1st day of April, 2013.


_____
NOTARY PUBLIC
My Commission Expires: 9-25-2016   (SEAL)

## VERIFICATION OF JUDY MURPHY

Personally appeared before the undersigned attesting officer, duly qualified to administer oaths, JUDY MURPHY who after being duly sworn, deposes and says that the facts set forth in the within and foregoing COMPLAINT are true and correct to the best of her knowledge and belief.

Signed this the 1st day of April, 2013.

_____
JUDY MURPHY

Sworn to and Subscribed before me
on this 1st day of April, 2013.

_____
NOTARY PUBLIC
My Commission Expires: 9-25-2016   (SEAL)

## VERIFICATION OF DONNY L. DAVIS

Personally appeared before the undersigned attesting officer, duly qualified to administer oaths, DONNY L. DAVIS who after being duly sworn, deposes and says that the facts set forth in the within and foregoing COMPLAINT are true and correct to the best of his knowledge and belief.

Signed this the 1st day of April, 2013.

DONNY L. DAVIS

Sworn to and Subscribed before me
on this 1st day of April, 2013.

NOTARY PUBLIC
My Commission Expires: 9-25-2016 (SEAL)

## VERIFICATION OF LAKESHIA SANDERS

Personally appeared before the undersigned attesting officer, duly qualified to administer oaths, LAKESHIA SANDERS who after being duly sworn, deposes and says that the facts set forth in the within and foregoing COMPLAINT are true and correct to the best of her knowledge and belief.

Signed this the 1st day of April, 2013.

_____
LAKESHIA SANDERS


Sworn to and Subscribed before me
on this 1st day of April, 2013.

_____
NOTARY PUBLIC
My Commission Expires: 9-25-2016   (SEAL)

## **VERIFICATION OF JERED HALL**

Personally appeared before the undersigned attesting officer, duly qualified to administer oaths, JERED HALL who after being duly sworn, deposes and says that the facts set forth in the within and foregoing COMPLAINT are true and correct to the best of his knowledge and belief.

Signed this the 1st day of April, 2013.

_____
JERED HALL

Sworn to and Subscribed before me
on this 1st day of April, 2013.

_____
NOTARY PUBLIC
My Commission Expires:9-25-2016   (SEAL)

## VERIFICATION OF LARRY HOUCHENS

Personally appeared before the undersigned attesting officer, duly qualified to administer oaths, LARRY HOUCHENS who after being duly sworn, deposes and says that the facts set forth in the within and foregoing COMPLAINT are true and correct to the best of his knowledge and belief.

Signed this the 1st day of April, 2013.

_____
LARRY HOUCHENS

Sworn to and Subscribed before me
on this 1st day of April, 2013.

_____
NOTARY PUBLIC
My Commission Expires: 9-25-2016    (SEAL)

## VERIFICATION OF SHERRIKA CLARK

Personally appeared before the undersigned attesting officer, duly qualified to administer oaths, SHERRIKA CLARK who after being duly sworn, deposes and says that the facts set forth in the within and foregoing COMPLAINT are true and correct to the best of her knowledge and belief.

Signed this the 4th day of April, 2013.

_____
SHERRIKA CLARK

Sworn to and Subscribed before me
on this 4th day of April, 2013.

_____
NOTARY PUBLIC
My Commission Expires: